IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LEE BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01017-JPG |
| | ) |
| JACKSON COUNTY JAIL and | ) |
| CONNIE FAULKIN BERRY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for *sua sponte* reconsideration of the Court's Memorandum and Order dated August 20, 2021. The Court inadvertently referred to Nurse Connie Falkin Berry as "Nurse Connie Falken Berry," and the Court also omitted reference to "Count 3" in its discussion and disposition. Pursuant to Federal Rule of Civil Procedure 60(a), this Court has corrected both errors herein.

Plaintiff Robert Lee Blair, a detainee at Jackson County Jail ("Jail") located in Murphysboro, Illinois, brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff complains of health complications resulting from his ongoing exposure to mold in S-Block and the denial of his prescription medication for hypertension. (*Id.* at 2, 6). Left untreated after his arrival at the Jail, Plaintiff's blood pressure soon became unmanageable, and he required emergency treatment at a hospital. He returned to the Jail with instructions for further medical observation, but Nurse Connie Falkin Berry has not met with Plaintiff to date. Housed in a cell with hard concrete floors and suffering from persistent dizziness caused by his untreated high blood pressure and mold exposure, Plaintiff fears for his safety. (*Id.*). He includes no request for

1

relief in the Complaint. (*Id*. at 6). The Court will nevertheless take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Based on the allegations summarized herein, the Court designates the following three (3) counts in the *pro se* Complaint:

> **Count 1 -** Eighth and/or Fourteenth Amendment claim against Defendants for subjecting Plaintiff to mold in the Jail's S-Block which contributed to symptoms of dizziness and lightheadedness.
>
> **Count 2 -** Eighth and/or Fourteenth Amendment claim against Defendants for withholding Plaintiff's prescription medication for hypertension which resulted in his hospitalization for high blood pressure.
>
> **Count 3 -** Eighth and/or Fourteenth Amendment claim against Defendants for failing to monitor Plaintiff for high blood pressure and related symptoms of dizziness and lightheadedness following his return from the hospital.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Counts 1, 2, and 3

The allegations support both claims against Nurse Connie Falkin Berry at screening. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable to these claims if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The allegations suggest that the

nurse responded to an objectively serious risk of harm to Plaintiff's health with deliberate indifference. The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a pretrial detainee. The allegations also suggest that the nurse's response to Plaintiff's complaints of mold and high blood pressure were objectively unreasonable. Therefore, Counts 1, 2, and 3 survive preliminary review against Connie Falkin Berry under both standards.

However, the same cannot be said of Jackson County Jail. The Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Accordingly, the Jail shall be dismissed with prejudice.

### Relief Requested

Plaintiff includes no request for relief in the Complaint. This does not preclude him from proceeding with his claims. *See Godfrey v. Easton*, 702 F. App'x 469 (7th Cir. 2017) (citing *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002)). According to Rule 54(c) of the Federal Rules of Civil Procedure, a prevailing party may obtain "any relief to which he's entitled even if he 'has not demanded such relief in [his] pleadings.'" *Id*. (citations omitted). With that said, the Court cannot guess what relief Plaintiff wants or needs (*e.g.*, money damages, injunctive relief, etc.). To the extent he needs interim relief, Plaintiff should file a motion for temporary restraining order ("TRO") and/or preliminary injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure *at any time during this pending action*. There, he should set forth the exact relief he seeks and the reasons he requires it.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNTS 1, 2,** and **3**

against Defendant **CONNIE FALKIN BERRY** will receive further review. However, **JACKSON COUNTY JAIL** is **DISMISSED** with prejudice because the Complaint fails to state a claim for relief against this defendant.

**Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendant **CONNIE FALKIN BERRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/23/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.